IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Robinson, #273240, ) | C/A No.: 3:12-3505-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Karen Fryar, Solicitor; Vanessa Cooper, ) | |
| Solicitor; Warren Giese, Solicitor; ) | |
| John Breeden, Jr., Judge; Investigator G. ) | |
| Burns, CPD; and Donna Strom, Judge ) | |
| Family Court, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Lee Correctional Institution. He brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that his Fourth Amendment rights were violated by Defendants. According to his complaint, Plaintiff was fifteen years old on December 31, 1997, when he was "falsely arrested . . . without probable cause and held without an arrest warrant."

[Entry # 1 at 3]. Plaintiff alleges Investigator Burns served him with "juvenile petitions" for armed robbery and assault with intent to kill. *Id*. at 4.

According to the complaint, the Honorable Donna Strom, South Carolina Family Court Judge, waived Plaintiff's case to General Sessions Court on November 11, 1998. *Id*. Solicitor Warren Giese presented Plaintiff's case to the grand jury during the April 2000 term and obtained an indictment. *Id*. Plaintiff complains that did not receive an arrest warrant. *Id*. Plaintiff received a jury trial in March 2001 before the Honorable John R. Breeden, South Carolina Circuit Judge. *Id*. Solicitors Karen Fryar and Vanessa Cooper represented the State. *Id*. After the jury convicted Plaintiff of three counts of armed robbery, he was sentenced to three concurrent twenty-five-year sentences. *Id*.

Plaintiff asks for a declaration that his federal and constitutional rights were violated, an injunction ordering Defendants "to abide by the laws of the U.S. Constitution," compensatory damages for each day that he has "suffered from such illness and/or incarceration," punitive damages for each day that he has "suffered from such pain and/or incarceration," a jury trial, his costs in this suit, lawyer and court fees, and immediate "release from restraint." *Id*. at 5. Plaintiff claims that he suffers from bouts of depression, emotional distress, insomnia, and that he hears voices. *Id*. at 3. He receives care from a mental health doctor who has prescribed Plaintiff "several different kinds of psychotic medications over the years." *Id*.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Plaintiff's Claims Are Barred by *Heck v. Humphrey*

Plaintiff's claims for violations of his constitutional rights related to his arrest and trial in state court should be dismissed because there is no evidence that the convictions have been invalidated. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87 (footnote omitted); *see also Edwards v. Balisok*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would imply that his criminal convictions are invalid.  The Supreme Court stated,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

4

> the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Because Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court convictions, his § 1983 action should be dismissed.

Additionally, there is no requirement that Plaintiff be served with an arrest warrant. According to codified South Carolina law, the State institutes a criminal case against a minor (an individual under the age of seventeen) with the filing of a "petition" that serves the purposes of an arrest warrant. *See* S.C. Code Ann. § 20-7-7415 (1997). In the event that the case is transferred out of family court, there is no provision that a warrant replace the petition. *See id.* § 20-7-7605(5) (1997).

To the extent Plaintiff seeks immediate release from prison due to the alleged violations of his constitutional rights, such relief is not available in this civil rights action. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *see also Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

    2.    Judicial Immunity

Plaintiff's claims against Judges Breeden and Strom are barred by the doctrine of judicial immunity. The Fourth Circuit has previously addressed the doctrine of absolute judicial immunity as follows:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption . . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds, Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well-established and widely-recognized. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an *immunity from suit* rather than a mere defense to liability") (emphasis in original); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"). The actions taken by these judges were part of their judicial functions as members of the State of South Carolina's judiciary. Therefore, the undersigned

recommends Plaintiff's claims be summarily dismissed against defendants Breeden and Strom.

### 3. Prosecutorial Immunity

The law is also clear that defendants Fryar, Cooper, and Giese enjoy absolute prosecutorial immunity from claims brought pursuant to 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). The *Imbler* Court acknowledged the broadness of its holding as follows:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. With the issue thus framed, we find ourselves in agreement with Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecution:
>
>> "As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation."

*Id.* at 427–28 (footnote omitted) (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949)).

7

In delineating the boundaries of its holding, the *Imbler* Court distinguished between the absolute immunity a prosecutor enjoys in activities "intimately associated with the judicial phase of the criminal process" and the good-faith defense prosecutors have when engaging in certain investigative activities. *Id.* at 430. Plaintiff's claims against the solicitor-defendants all relate to their prosecution of his criminal case. Because the solicitor defendants enjoy absolute immunity, it is recommended that Plaintiff's claims against Fryar, Cooper and Giese be dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 5, 2013                                             Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).