IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Robinson, ) | C/A No.: 3:12-3505-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Karen Fryar, Solicitor; Vanessa Cooper, ) | |
| Solicitor; Warren Giese, Solicitor; John ) | |
| Breeden, Jr., Judge; Investigator G. Burns, ) | |
| CPD; and Donna Strom, Judge Family Court, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, James Robinson, brings this action pursuant to 42 U.S.C. § 1983, alleging that his Fourth Amendment rights were violated by the defendants when he was convicted of three counts of armed robbery in state court in 1998. The plaintiff seeks a declaration from this court that his federal and constitutional rights were violated. He also seeks an injunction and compensatory damages against the defendants.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the complaint should be dismissed for various reasons. The Report sets forth in detail the relevant facts and standards of law on this matter, and the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report.

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that his conviction in state court has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim and his claim for damages under § 1983 is barred by *Heck*.

The plaintiff wholly objects to the Magistrate Judge's Report contending that he should have been issued an arrest warrant, that he was falsely arrested, and that the defendants should not be given judicial and prosecutorial immunity. The court has conducted the required *de novo* review of the objections and finds them without merit. As such, the objections are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of

process. The plaintiff's motion for appointment of counsel is denied.

    IT IS SO ORDERED.

April 9, 2013  
Columbia, South Carolina

*Joseph F. Anderson, Jr.*  
Joseph F. Anderson, Jr.  
United States District Judge